O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| BGI LIFE, INC., | Case No. 2:09-cv-06822-ODW(AJWx) |
| Plaintiff, | |
| v. | **ORDER GRANTING SUMMARY** |
| AMERICAN GENERAL LIFE | **JUDGMENT IN DEFENDANT'S** |
| INSURANCE COMPANY, | **FAVOR ON PLAINTIFF'S GRACE** |
| Defendant. | **PERIOD NOTICE THEORY** |

This action returns to this Court on a limited remand from the Ninth Circuit to address a single issue—Plaintiff BGI Life, Inc.'s ("BGI") argument that Defendant American General Life Insurance Company ("AG") breached the contract when BGI did not receive contractually-required notice that the Policy was in its grace period and would lapse upon continued non-payment of premiums.

On August 19, 2011, this Court granted summary judgment in AG's favor on BGI's claims for breach of contract, breach of the duty of good faith and fair dealing, and injunctive relief.  (ECF No. 141.)  BGI subsequently appealed and the Ninth Circuit affirmed this Court's grant of summary judgment for the reasons stated in the Court's August 19, 2011 Order.  (*See* ECF No. 174.)  But the Ninth Circuit remanded the case after finding that this Court never addressed the grace period notice theory in the first instance.  (*See id.*)  The Ninth Circuit explained that the record was

1   "ambiguous as to whether the district court intended to grant summary judgment to
2   AG on BGI's grace period notice theory, and as to whether the district court
3   considered that theory fairly presented by the pleadings."  (ECF No. 174.)  After
4   receipt of the Mandate, the Court reopened this action and asked the parties to file
5   status reports identifying the portions of the record where grace-period notice was
6   discussed.  (ECF No. 175.)  Both parties complied with the Court's request.[1]  (ECF
7   Nos. 176, 177.)

8         Having reviewed the record in this case, in particular the Complaint, the Court
9   finds that BGI's grace period notice theory for breach of contract was never presented
10  in the pleadings.  (*See* ECF No. 1.)  While BGI makes allegations with respect to the
11  Policy's grace period in six paragraphs of the Complaint (*See* ¶¶ 2, 9, 13–15, 18), BGI
12  does not allege that a failure to provide notice of the grace period gives rise to its
13  breach-of-contract claim.  The Court finds that the first time that BGI asserts that it
14  should recover for breach of contract based on a lack of notice of the grace period is at
15  summary judgment.  As alleged in BGI's Complaint, its breach-of-contract claim is
16  premised solely on an alleged breach of the reinstatement provisions of the Policy.
17  (*See* Compl. ¶¶ 35–39.)  There is no mention of the lack of notice of the grace period
18  in this claim.[2]  (*Id.*)  Accordingly, the Court **GRANTS** summary judgment in AG's
19  favor on the grace period notice theory because it was not fairly presented in the
20  pleadings.[3]  Moreover, summary-judgment proceedings occurred two years after the
21  Complaint was filed and on the eve of trial.  At that point it was too late for BGI to
22  amend its pleadings to assert a new theory of recovery.

23

24  [1] The parties' submissions differed drastically.  BGI followed the Court's instructions and submitted
    a table referencing docket entries and page numbers.  While also identifying docket entries and page
25  numbers, AG briefed the issue as well.  BGI objected to AG's submission.  (ECF No. 179.)  BGI's
    objection is noted, but unnecessary.  The Court relied only on the record before judgment and appeal
26  to reach its conclusions in this Order.
    [2] Reference to the grace period and a lack of notice of the grace period in the Complaint appears to
27  be largely contextual, as an attempt to excuse BGI's own breach—the failure to pay the premiums.
    [3] This was also the reason for the Court striking the issue from the Final Pretrial Order at the pretrial
28  conference on August 8, 2011.

1    Furthermore, the Court notes that even if properly alleged in the Complaint,
2    BGI's grace period notice theory would hardly offer the result that BGI seeks—
3    reinstatement of the policy.  Assuming for argument's sake that AG did not give
4    notice of the grace period—a fact the parties dispute—that apparent breach of the
5    Policy does not somehow excuse BGI's failure to pay the premiums.

6    For the reasons discussed above, the Court **GRANTS** summary judgment in
7    favor of AG with respect to the issue on limited remand from the Ninth Circuit.  The
8    Clerk of Court shall once again close this case.

9    **IT IS SO ORDERED.**

11   December 3, 2014

13   _____
14                 **OTIS D. WRIGHT, II**
                **UNITED STATES DISTRICT JUDGE**